IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEITH DRUZZEL KENNEBREW, <br> TDCJ-CID No. 0330114, <br><br> Plaintiff, <br><br> v. <br><br> AMARILLO PAROLE BOARD, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:18-CV-039 |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff Keith Druzzel Kennebrew, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to 42 U.S.C. § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED with prejudice.

**BACKGROUND**

Plaintiff claims that on June 12, 2016, he was denied parole by the Amarillo Parole Board and two of its members, Defendant Charles Shipman and Defendant Anthony Ramirez. ECF No. 3, at 4. Plaintiff states that he is serving a life sentence for a 1982 aggravated robbery conviction *See id*. Plaintiff argues he was denied Due Process during his parole review and, additionally, that Defendants Shipman and Ramirez denied him Equal Protection through "disparate treatment." *See id*. Specifically, Plaintiff argues that Defendants Shipman and Ramirez failed to utilize his "good time" at the earliest eligibility date for parole release. *See id*. Plaintiff makes no other specific claims concerning the denial of due process or parole during his parole proceedings.

The official TDCJ website lists Plaintiff's parole eligibility date as June 25, 2001. *See* TDCJ ONLINE OFFENDER SEARCH, https://offender.tdcj.texas.gov/OffenderSearch/ (last visited Nov. 23, 2020). Further, the site lists the following reasons for Plaintiff's parole denial:

> 1D CRIMINAL HISTORY – the record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.
>
> 2D NATURE OF OFFENSE – the record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.
>
> 4D INSTITUTIONAL ADJUSTMENT – the record indicates that the offender has an unsatisfactory institutional adjustment.

*See id.*

**LEGAL STANDARDS**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

**ANALYSIS**

Plaintiff is seeking injunctive relief, compensatory damages and punitive damages for excessive time served. He does not state he is seeking immediate release. *See* ECF No. 3, at 5. In this case, Plaintiff expressly invokes 42 U.S.C. § 1983 as the basis for his challenge to the calculation of his sentence. Ordinarily, a prisoner may not file a civil rights lawsuit under § 1983 to challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Rather, a prisoner who seeks his release from custody must pursue appropriate relief in state court followed, if necessary, by a petition governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. *See id*. However, Plaintiff makes Due Process and Equal Protection claims based on the alleged failure to properly apply the law during his parole hearing and claims other inmates were released after good time was properly applied. *See* ECF No. 3, at 4.

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of state law, deprives another of his or her constitutional rights.'") (quoting *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)). The Complaint filed by Plaintiff alleges that prison officials have miscalculated his sentence under Texas law by failing to count his good-time credits, thereby delaying his eligibility for parole in violation of the Due Process and Equal Protection Clauses (Plaintiff argues "disparate treatment" and the Court construes this as an Equal Protection claim) under the Fourteenth Amendment.

There are two ways in which a state prisoner becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). Subject to several important exceptions, most Texas inmates are "eligible for release on parole when the inmate's actual calendar time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less." *Id.* § 508.145(f). Similarly, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id.* § 508.001(5). Although parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

Based on the nature of Plaintiff's conviction for "aggravated robbery," Plaintiff does not argue eligibility for mandatory supervision; thus, his only claims are for wrongful denial of discretionary parole. *See* TEX. GOV'T CODE § 508.149(a)(1) (aggravated robbery not eligible for mandatory supervision). Good-time credit in Texas is a privilege and not a right. *See* TEX. GOV'T CODE § 498.003(a). Although Plaintiff argues that he served additional time based on the 2016 decision by the Amarillo Parole Board, it is clear that Plaintiff first became *eligible* for parole in 2001. *See* TDCJ ONLINE OFFENDER SEARCH, https://offender.tdcj.texas.gov/OffenderSearch/ (last visited Nov. 23, 2020). As such, any claim for "wrongful calculation" is time-barred, as Plaintiff was previously eligible and previously denied parole. No statute of limitations is set forth under

section 1983. However, the United States Supreme Court has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Owens v. Okure*, 488 U.S. 235, 240 (1989). In Texas, the prescriptive period for such claims is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2011).

Plaintiff's Due Process claim is frivolous. Prison inmates typically are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Therefore, Plaintiff's Due Process claim depends on the existence of an interest created by state law.

In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Plaintiff is not eligible for mandatory supervision and has, therefore, no protected liberty interest

in early release. In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See e.g. Parks v. Perry*, 273 Fed. Appx. 366 (5th Cir. 2008) (unpublished); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

Plaintiff also alleges that, by not counting his good-time credits toward his parole eligibility date, prison officials have calculated his sentence in a manner that violates the Fourteenth Amendment Equal Protection Clause. To establish an Equal Protection claim, a plaintiff must demonstrate that (1) the state created two or more classifications of similarly situated prisoners that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. *See Johnson v. Rodriguez*, 110 F.3d 299, 306–07 (5th Cir. 1997). A plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by any illegitimate animus or ill-will. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (discussing Equal Protection claims brought by a "class of one").

Here, Plaintiff wholly fails to allege any "similarly situated" prisoners who were not allowed certain good time calculations for parole eligibility. Rather, Plaintiff argues some prisoners (not "similarly situated" ones) are released based on a proper calculation of good time credits. However, as noted above, Plaintiff became eligible for parole in 2001. He was denied parole based on his criminal history, the nature of his offense, and his institutional adjustment. *See* TDCJ ONLINE OFFENDER SEARCH, https://offender.tdcj.texas.gov/OffenderSearch/ (last visited Nov. 23, 2020). Additionally, Plaintiff makes no claims whatsoever that the denial of his parole was based on animus to a protected class of individuals, including himself. As such, Plaintiff's claim for "disparate treatment" is frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous.

**SO ORDERED.**

December 2, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE